PER CURIAM.
We affirm PERC’s decision, but believe it appropriate to point out factual distinctions between this case and Palm Beach County Police Benevolent Ass’n v. City of West Palm Beach, 17 F.P.E.R. ¶ 22271 (1991), which made it unnecessary for PERC to reverse itself on policy.
In the instant case, the commission distinguished City of West Palm Beach and disapproved of that case to the extent that it held that a community of interest “rises to the level of the special or compelling circumstances that warrant severance.”
FOP contends that the commission was wrong in reversing itself and ruling in contradiction to City of West Palm Beach. However, the instant case can be viewed as consistent with City of West Palm Beach, and not as a change in policy. In City of West Palm Beach, the hearing officer recommended, and the commission affirmed, that *182 certain classes of civilian employees of the police department be allowed to choose whether to sever themselves from the current bargaining unit and be represented by the Police Benevolent Association (PBA). Id. The hearing officer found that the strong community of interest between crime scene investigators and police aides was sufficient to allow severance. Id. However, these positions were not in existence when the original bargaining unit came into existence. City of West Palm Beach. The police aide position was only two years old at the time of the severance. Id. Thus, these positions were grouped “informally” with the civilian bargaining representative, rather than formally through a commission decision. Id.
The hearing officer in City of West Palm Beach applied the community of interest factor to these positions due to the short bargaining history involved. Id. These positions, by virtue of being nonexistent at the time the bargaining units were sanctioned, were not able to choose originally to which unit they were to belong. City of West Palm Beach. The hearing officer also applied section 447.307(4)(f), Florida Statutes.[1] Under section 447.307(4)(f), community of interest factors include the manner in which wages and benefits are determined, the desire of the employees, and the history of employee relations.[2] Other factors would include: common supervision, similar working conditions and duties, and regular interaction between employees. Broward County Police Benevolent Ass’n v. City of Pembroke Pines, 17 F.P.E.R. ¶ 22315 (1991). Given all the factors, the commission in City of West Palm Beach agreed with the hearing officer that the police aides and crime scene investigators should be allowed to select them representation. Finally, the civilian bargaining unit conceded that these newly formed positions would be better served by the PBA. Id.
The commission in City of West Palm Beach noted that the other positions the PBA sought to represent were already specifically included in the civilian bargaining unit, so the standard as to severance for these positions was fairly high. Id. When the commission looked at the facts, it found that the PBA may be “a more appropriate unit for these employees[,] ” but not that the current unit was inappropriate. City of West Palm Beach. The same criteria set forth in section 447.307(4)(f) showed a lengthy bargaining history and less of a community of interest. The commission declined to sever these employees, even though a community of interest existed. Id.
In the instant case, all of the contested positions were in existence in one form or another when the AFSCME unit was sanctioned in 1978. The commission’s approach to severance as to these positions was consistent with City of West Palm Beach. These positions all have lengthy bargaining histories with AFSCME and were part of the bargaining unit when sanctioned by the commission in 1978. Finally, AFSCME does not concede that these positions, which were formally made part of their bargaining unit, are better represented by FOP. Opposition to the proposed severance can be a factor weighed against the need for severance. FOP v. Sheriff of Broward County, 16 F.P.E.R. ¶ 21008 (1989). Establishing a community of interest is not sufficient in the instant case. Rather, FOP must meet the high standard set forth in City of West Palm Beachf The holding in the instant case is not inconsistent with City of West Palm Beach.[3] The record shows sufficient evidence to support the commission’s decision based on circumstances in the instant case that distinguish it from City of West Palm Beach.[4]
*183 GLICKSTEIN and WARNER, JJ., and ALVAREZ, RONALD V., Associate Judge, concur.

. The year of the statute was not cited in the hearing officer’s recommended order, set forth by the commission in City of West Palm Beach.

. The history of employee relations, section 447.-307(4)(f)(5), is an important factor which does not come into play when establishing a unit for the first time. Florida Police Benevolent Ass'n v. State of Florida, 7 F.P.E.R. ¶12430 (1981).

. Appellant asserted at oral argument that PERC's standard for severance violates the constitutional and statutory rights of employees to choose representation. However, appellant acknowledged throughout this case that it must satisfy the requirements of City of West Palm Beach in order to prevail.

. FOP takes issue with the weight the commission gives to bargaining history. However, in City of West Palm Beach, the commission distin *183 guished between two sets of employees, each with a community of interest with police, based heavily on the fact that some of the positions were not in existence at the time the bargaining units were sanctioned. The rationale behind this distinction was set forth in Fraternal Order of Police v. City of Sebastian, 19 F.P.E.R. ¶ 24000 (1992). In discussing whether FOP’s petition was "contract barred” under section 447.307(d), Florida Statutes (the commission did not cite the year of the statute), the commission in City of Sebastian stated that positions not in existence at the time the bargaining unit had formed were not subject to the contract. Id., citing Pinellas County PBA, Inc. v. City of Belleair Bluffs, 9 F.P.E.R. ¶ 14103 (1983). Thus, it is hard to tell whether they were actually represented by the bargaining unit.
City of Sebastian goes on to put more emphasis on bargaining history. The commission held that "de facto” application of negotiated terms in agreements to the new positions established an actual bargaining history. This factor, along with a community of interest with the existing bargaining unit, precluded a finding that the unit was unworkable or otherwise inappropriate. Id. Therefore, it did not allow severance.